1

2

3                                                              **O**

4                                               CLOSED

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11   BRIAN KEITH BRIM,              )   Case Nos. [CV 12-08107 DDP]
                                    )        CV 99-02201 DDP ✓
12              Plaintiff,          )        [SA CR 93-00098 LHM]
                                    )
13        v.                        )   **ORDER DENYING PETITIONER'S MOTION**
                                    )   **UNDER 28 U.S.C. § 2255(f)(3) TO**
14   UNITED STATES OF AMERICA,      )   **VACATE SENTENCE BY A PERSON IN**
                                    )   **FEDERAL CUSTODY, DENYING MOTION**
15              Defendant.          )   **FOR APPOINTMENT OF COUNSEL,**
                                    )   **DENYING REQUEST FOR CORRECTIVE**
16                                  )   **JUDGMENT, GRANTING RULE 36**
                                    )   **MOTION, AND REOPENING TIME TO**
17   _____)   **FILE AN APPEAL**

18

19        Before the court are Petitioner's Motion Under 28 U.S.C. §

20   2255(f)(3) to Vacate . . ., Motion for Appointment of Counsel,

21   Motion for Corrective Judgment, Motion Pursuant to Rule 36, and

22   Motion for Order Reopening Time to File Appeal.  Having considered

23   Petitioner's submissions, the court adopts the following order.

24        The lengthy background of this case is set forth in detail in

25   the October 21, 2002, Report and Recommendation of United States

26   Magistrate Judge denying Petitioner Brian Keith Brim's Motion to

27   Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

28   The court adopted the Magistrate Judge's Report and Recommendation

1  and entered judgment denying Petitioner's § 2255 Motion with

2  prejudice on November 24, 2003.

3       On July 11, 2007, Petitioner filed a purported application for

4  writ of habeas corpus pursuant to 28 U.S.C. § 2241.  However, on

5  February 5, 2008, this court held that the application was properly

6  construed as another motion to vacate Petitioner's conviction, and

7  therefore denied it as an untimely and successive § 2255 motion.

8       On May 16, 2011, Petitioner filed a Motion to Reopen his

9  initial § 2255 Motion pursuant to Federal Rule of Civil Procedure

10  60(b) ("Rule 60(b)").  Petitioner then filed, on January 23, 2012,

11  a Motion pursuant to Federal Rule of Criminal Procedure 36 ("Rule

12  36"), asking the court to hold his Rule 60(b) Motion in abeyance

13  and instead correct an alleged clerical error in the Magistrate

14  Judge's Report and Recommendation.  This court denied both Motions,

15  construing them as third and fourth requests for relief under §

16  2255.

17       On September 20, 2012, Petitioner filed a Motion to Vacate,

18  Set Aside or Correct Sentence by a Person in Federal Custody, and

19  on December 18, 2012, filed a Motion for Appointment of Counsel,

20  presently before the court.  On April 11, 2013, Petitioner filed a

21  Request for Corrective Judgment, also presently before the court.

22  **I. § 2255 Motion**

23       Petitioner now files a fifth request for relief under § 2255.

24  He argues that under two recent Supreme Court cases, <u>Missouri v.</u>

25  <u>Frye</u>, 132 S. Ct. 1399 (2012) and <u>Lafler v. Cooper</u>, 132 S. Ct. 1376

26  (2012), his trial counsel's failure to timely convey a written

27  government plea offer before the expiration date of the plea offer

28  deprived him of effective assistance of counsel and actually

2

1   prejudiced him.   A second or successive § 2255 petition is
2   appropriate if it contains "a new rule of constitutional law, made
3   retroactive to cases on collateral review by the Supreme Court,
4   that was previously unavailable."   28 U.S.C. § 2255(h).   However, a
5   second or successive motion must also be "certified . . . by a
6   panel of the appropriate court of appeals," 28 U.S.C. § 2255(h).
7   In the absence of such certification, the court DENIES the Motion
8   without prejudice.

9   **II. Request for Corrective Judgment**

10      It appears to the court that this Request constitutes a sixth
11   request for relief under § 2255.   Like the § 2255 Motion before the
12   court, this Motion has not been certified by a panel of the court
13   of appeal and the court must therefore deny it.   Unlike the § 2255
14   Motion before the court, this Motion does not purport to contain
15   newly discovered evidence or a new rule of constitutional law which
16   would justify a successive motion.   This Motion appears to repeat
17   arguments pertaining to the quantity of PCP involved in the
18   offense, which Petitioner made in previous § 2255 motions and which
19   have already been rejected by the court and the Court of Appeals.
20   See Order Denying Petitioner's Motions to Reopen and to Correct
21   Clerical Error, 99-CV-02201-DDP-MLG.   See also United States v.
22   Brim, 148 Fed. Appx. 619, 621 (9th Cir. 2005)("[T]he failure to
23   research the drug purity and discover a possible lower minimum
24   offense level did not affect the sentencing range of 360 months to
25   life offered in the plea agreement.") The court DENIES the Request.

26   **III. Appointment of Counsel**

27      There is no constitutional right to appointment of counsel in
28   federal or state habeas corpus proceedings.   See McCleskey v. Zant,

3

1   499 U.S. 467, 495 (1991); <u>United States v. Angelone</u>, 894 F.2d 1129,

2   1130 (9th Cir. 1990).  Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the

3   district court may provide representation to any financially

4   eligible person whenever "the court determines that the interests

5   of justice so require."  In exercising its discretion, "the

6   district court must evaluate the likelihood of success on the

7   merits as well as the ability of the petitioner to articulate his

8   claims <u>pro se</u> in light of the complexity of the legal issues

9   involved."  <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

10  The Ninth Circuit has held that "indigent state prisoners applying

11  for habeas corpus relief are not entitled to appointed counsel

12  unless the circumstances of a particular case indicate that

13  appointed counsel is necessary to prevent due process violations."

14  <u>Chaney v Lewis</u> ,801 F.2d 1191, 1196 (9th Cir. 1986).

15      Petitioner states that "it is in the interest of justice that

16  counsel be assigned."  The court finds that at this time the

17  appointment of counsel is not necessary to avoid due process

18  violations in this case, and the interests of justice do not

19  require appointment of counsel.  Petitioner was able to articulate

20  his grounds clearly in his petition and make cogent arguments in

21  support of his petition.  Accordingly, petitioner's request for

22  appointment of counsel is DENIED without prejudice.

23  **IV. Rule 36 Motion**

24      Petitioner argues that he was charged $150 as a special

25  assessment in the underlying criminal case but should only have

26  been charged $50.  He argues that the three special assessments

27  constitute multiple punishments for the same act. He asks the court

28

4

to correct the assessment under Rule 36 of the Federal Rules of
Criminal Procedure.

Petitioner was convicted on three counts: (1) conspiracy to
manufacture PCP, (2) possession of PCC with intent to manufacture
PCP, and (3) intent to manufacture PCP.  The Ninth Circuit affirmed
his conviction on the conspiracy count, but vacated and stayed the
convictions and sentences on the other two counts:

> [In a previous case, the Ninth Circuit held that] although the
> defendant was properly charged and tried on separate counts
> for each step in the manufacturing process, he could be
> convicted and sentenced for only one. . . .  Cumulative
> punishments for attempt and for conspiracy under § 846 are not
> permissible when only one criminal undertaking is involved.
> Because the possession, attempt, and conspiracy here [in
> Petitioner's case] were clearly all parts of one criminal
> undertaking, the district court should have sentenced Brim on
> only one of the counts.

United States v. Brim, 129 F.3d 128 (9th Cir. 1997)(internal
citations and quotation marks omitted). The Ninth Circuit thus
vacated the judgments of conviction and the sentences on two counts
and ordered their entries stayed pending completion of the sentence
on the first count.

Petitioner cites Rutledge v. United States, 517 U.S. 292
(1996), which held that special assessments are considered to be
punishments and that it is inappropriate to impose two assessments
on two convictions when one of them is a lesser included offense.
In Rutledge, a petitioner who had been found guilty of
participating in a conspiracy to distribute controlled substances

1   and also of conducting a criminal enterprise was improperly

2   sentenced to concurrent life sentences for the two charges because

3   one was a lesser included offense of the other; although the

4   sentences were served concurrently, the special assessment of $50

5   on the second conviction meant that the conviction amounted to a

6   second punishment for the same activity.

7       The court finds that Petitioner's situation is similar.  Given

8   that the Ninth Circuit vacated the judgments of conviction and

9   sentences on two of three counts because all three counts were part

10  of one criminal undertaking, imposing a separate assessment upon

11  each of the three counts would likewise constitute multiple

12  punishments for the same criminal undertaking.  The court therefore

13  GRANTS the Rule 36 Motion and orders that the assessment be reduced

14  from $150 to a total of $50.

15  **V. Motion to Reopen Time to File Appeal**

16      Good cause being shown, the court GRANTS Petitioner's Motion

17  to Reopen Time to File Appeal of this court's order denying

18  petitioner's Rule 60(b) Motion on September 14, 2012.  Petitioner

19  may file a notice of appeal within 30 days of this Order.

20  **VI. Conclusion**

21      For the reasons stated above, the petitioner's Motion under §

22  2255, Motion for Appointment of Counsel, and Motion for Corrective

23  Judgment are DENIED without prejudice.  Petitioner's Rule 36 Motion

24  and Motion to Reopen Time to File Appeal are GRANTED.

25  IT IS SO ORDERED.

26

27  Dated: July 19, 2013

28
                                        DEAN D. PREGERSON
                                        United States District Judge

6